UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ABRAHAM AESSA,

                               Petitioner,

   -against-

PAUL W. ANNETTS,
ATTORNEY GENERAL OF NEW YORK,

                               Respondents.
---------------------------------------------------------------- X

06 CV 5830 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On October 18, 2006, pro se petitioner Abraham Aessa filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By motion dated November 30, 2006, Aessa now seeks a dismissal without prejudice or a stay of his petition so that he may exhaust his state court remedies with respect to a claim of ineffective assistance of appellate counsel. By letter dated December 7, 2006, respondent opposes petitioner's motion. After receiving petitioner's motion on December 4, 2006, respondent served and filed an answer to the petition on December 7, 2006. For the reasons set forth below, the court orders petitioner to show cause why he should be granted a stay by serving and filing within thirty (30) days of the date of this order a submission setting forth in detail the facts supporting his ineffective assistance of appellate counsel claim and the reasons why this claim is not "plainly meritless." The court also orders respondent to serve and file a response within twenty (20) days of receipt of petitioner's submission.

## BACKGROUND

In his petition, Aessa asserts that his conviction was "against the weight of the evidence adduced at trial and [his] guilt was not proved beyond a reasonable doubt." (Pet. ¶ 12.) Aessa now seeks a stay of his petition so that he may file in the state trial court a motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10 in order to exhaust a claim, not presently raised in his petition, that his appellate counsel failed to raise "several non-frivolous and facially revers[i]ble errors" on his direct appeal or as a § 440.10 motion. (Respondent points out that claims of ineffective assistance of appellate counsel must be "litigated in the state courts through a motion for a writ of error coram nobis" filed in the appellate division, not through § 440.10 motions.) Petitioner does not identify the specific "non-frivolous" arguments he believes appellate counsel was ineffective for not raising.

## DISCUSSION

### A. Standard Governing Motions to Amend Habeas Petitions

In light of the fact that Aessa seeks a stay in order to exhaust a claim not raised in his original petition, it is necessary to determine first whether he may amend his petition to include this new claim of ineffective assistance of appellate counsel. Respondent argues that the court should deny Aessa's request for permission to file an amended petition. Because no responsive pleading had been served by the date of petitioner's motion, petitioner does not need the court's permission to add a new claim.

Federal Rule of Civil Procedure 15, which governs the amendment of civil pleadings, is made applicable to petitions for writs of habeas corpus by 42 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11. See, e.g., Mayle v. Felix, 545 U.S. 644,

125 S. Ct. 2562, 2569 (2005); Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001). "Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' i.e., without seeking court leave." Mayle, 545 U.S. 644, 125 S. Ct. at 2569 (quoting Fed. R. Civ. P. 15(a)).

## B. Standard Governing Motions for Stay and Abeyance

Because of the requirement that § 2254 habeas petitioners exhaust state judicial remedies, see Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), and the procedural limitations imposed on habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), dismissal of a petition containing exhausted and unexhausted claims "could jeopardize the timeliness of a collateral attack." Zarvela v. Artuz, 254 F.3d 374, 379-82 (2d Cir. 2001). To ameliorate this situation, the Second Circuit adopted a "stay and abeyance" procedure for petitions presenting exhausted and unexhausted claims. Zarvela, 254 F.3d at 280. The Supreme Court endorsed a similar procedure in Rhines v. Weber, 544 U.S. 269 (2005).

In Rhines, the Court prescribed the following procedures for a stay and abeyance to permit exhaustion of claims: (1) a stay should not be granted where the unexhausted claim is meritless; (2) "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"; (3) a "mixed petition should not be stayed indefinitely," and "district courts should place reasonable time limits on a petitioner's trip to state court and back"; and (4) "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 277-78.

In this case, respondent opposes petitioner's motion for a stay, arguing that petitioner has not established "good cause" for his failure to exhaust these claims previously and that it is unclear what claims petitioner wishes to add to his petition.

The Supreme Court did not define "good cause" in Rhines. Subsequently, the Supreme Court mentioned the "good cause" requirement in Pace v. DiGuglielmo, stating, "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 416 (2005). Lower courts have applied different definitions of "good cause." See, e.g., Bryant v. Greiner, 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006); Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 1273830, at *2-*3 (S.D.N.Y. May 9, 2006). Significantly, some courts have held that the "good cause" requirement in the stay and abeyance context is satisfied by a claim of ineffective assistance of appellate counsel. See Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 1273830, at *3 (S.D.N.Y. May 9, 2006); Wallace v. Artus, No. 05 Civ. 0567, 2006 U.S. Dist. LEXIS 12396, at *10-*11 (S.D.N.Y. Mar. 23, 2006) ("Most district courts have ruled that ineffective assistance of counsel suffices to show good cause . . . ."); Ramchair v. Conway, No. 04 Civ. 4241, 2005 U.S. Dist. Lexis 25852, at *54 (E.D.N.Y. Oct. 26, 2005) ("He has good cause for not having raised it; there is no reason to expect Ramchair to understand that his appellate counsel should have complained about the failure to grant the mistrial, not the failure to allow Latimer to testify."); Rhines v. Weber, 408 F. Supp. 2d 844, 848-49 (D.S.D. 2005). In accordance with these decisions, the court finds that petitioner has established good cause for failing to exhaust his ineffective assistance of appellate counsel claim in the appropriate state courts. The court further notes that Aessa was prompt in

filing both his habeas corpus petition and the instant motion for a stay of the petition, indicating that he is not engaging in abusive litigation tactics or intentional delay.

However, petitioner has not identified the new claims with sufficient specificity to enable the court to determine whether they are "plainly meritless."

## CONCLUSION

Accordingly, the court orders petitioner to show cause why he should be granted a stay by serving and filing within thirty (30) days of the date of this order a submission setting forth in detail the facts supporting his ineffective assistance of appellate counsel claim and the reasons why this claim is not "plainly meritless." The court also orders respondent to serve and file a response within twenty (20) days of receipt of petitioner's submission.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated:   December 20, 2006
         Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Abraham Aessa
04A4654
Downstate Correctional Fac.
Box F
Red Schoolhouse Road
Fishkill, NY 12524-0445

*Attorney for the Respondent*
Luke Martland
Office of the NYS Attorney General
120 Broadway, 24th Fl.
New York, NY 10271