FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 31 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ABRAHAM AESSA,

                Petitioner,

  -against-

PAUL W. ANNETTS,
ATTORNEY GENERAL OF NEW YORK,

                Respondents.
----------------------------------------X

06 CV 5830 (ARR)

<u>NOT FOR ELECTRONIC
OR PRINT
PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

    On October 18, 2006, <u>pro se</u> petitioner Abraham Aessa filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting that his conviction was against the weight of the evidence and not proved beyond a reasonable doubt. By motion dated November 30, 2006, Aessa sought a dismissal without prejudice or a stay of his petition so that he may exhaust his state court remedies with respect to a claim of ineffective assistance of appellate counsel because his review of the transcripts revealed "several non-frivolous and facially revers[i]ble errors which appellate counsel omitted to raise," although he indicated his desire to raise such a claim in a motion pursuant to N.Y. Crim. Proc. Law § 440.10. By letter dated December 7, 2006, respondent opposed petitioner's motion. On December 7, 2006, respondent also served and filed an answer to Aessa's petition.

    By Opinion and Order dated December 20, 2006, this court ordered petitioner to show cause why he should be granted a stay by serving and filing within thirty days of the date of the

1

order a submission setting forth in detail the facts supporting his ineffective assistance of appellate counsel claim and the reasons why this claim is not "plainly meritless."

By letter dated December 21, 2006, Aessa replied to respondent's opposition to his motion for a stay and abeyance. By letter dated January 25, 2007, respondent opposes Aessa's letter. Contrary to respondent's contentions, Aessa's December 21st letter was not filed on January 19th nor was it filed in response to this court's December 20th order. Aessa swore to his letter before a notary on December 21st and his letter was received in the court's pro se office on December 26, 2006. In light of the fact that only one day passed between the court's order and Aessa's letter and in light of the content of Aessa's letter, it is clear that Aessa was not responding to the court's order.

In his December 21st letter, Aessa explains that the claim he wishes to raise in state court is actually a claim of ineffective assistance of trial counsel, not appellate counsel. Aessa further explains that the reason he did not exhaust this claim previously "is because I only recently discovered that there were other issues I could raise. I prematurely submitted the petition for Habeas Corpus and that i[s] why I requested that this court allow me to withdraw it without prejudice to re-file."

In the December 20th Opinion and Order, this court explained the stay and abeyance procedure prescribed by Rhines v. Weber, 544 U.S. 269 (2005). In particular, the court noted that petitioner must establish "good cause" for his failure to exhaust the claims prior to filing his habeas petition and that petitioner must identify the new claims with sufficient specificity to enable the court to determine whether they are "plainly meritless."

2

The court previously explained that a claim of ineffective assistance of appellate counsel itself suffices to show good cause. However, Aessa now explains that he does not wish to raise a such a claim, but rather wishes to raise a claim of ineffective assistance of *trial* counsel. If petitioner does not raise a claim of ineffective assistance of *appellate* counsel, petitioner must then set forth another basis to satisfy the "good cause" requirement.

As the court previously explained, lower courts have applied different definitions of "good cause." However, "most of the courts which have thus far engaged in an in-depth analysis of the issue have required that 'good cause' arise from something external, and not fairly attributable, to the petitioner." Ramdeo v. Phillips, No. 04 Civ. 1157, 2006 WL 297462, at *6 (E.D.N.Y. Feb. 8, 2006). The reason Aessa provides in his December 21st letter would therefore be insufficient to establish "good cause." See Ramdeo, 2006 WL 297462, at *7 (E.D.N.Y. Feb. 8, 2006) (holding that "petitioner's inadvertent, good-faith omission" is "insufficient to obtain a stay").

However, because the court's previous order and Aessa's letter crossed in the mail, in an abundance of caution the court directs petitioner to respond to this order with his reasons for why he has established "good cause" for his failure to exhaust the desired claim or claims first in state court. In addition, petitioner must set forth in detail the facts supporting his new claim or claims and the reasons why they are not "plainly meritless."

## CONCLUSION

Accordingly, the court orders petitioner to show cause why he should be granted a stay by serving and filing within thirty (30) days of the date of this order a submission (1) setting forth his reasons for why he has established "good cause" for his failure to exhaust the desired claim or claims first in state court and (2) setting forth in detail the facts supporting his claims and the reasons why they are not "plainly meritless." If Aessa fails to comply with this order, the court shall deny his motion for a stay and proceed to adjudicate his habeas petition. If Aessa timely serves and files a submission in accordance with this order, respondent's opposition, if any, must be served and filed within twenty (20) days of receipt of petitioner's submission.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 30, 2007
Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Abraham Aessa
04A4654
Downstate Correctional Fac.
Box F
Red Schoolhouse Road
Fishkill, NY 12524-0445

*Attorney for the Respondent*
Luke Martland
Office of the NYS Attorney General
120 Broadway, 24th Fl.
New York, NY 10271