UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ABRAHAM AESSA,

                      Petitioner,

    -against-

PAUL W. ANNETTS,
ATTORNEY GENERAL OF NEW YORK,

                      Respondents.

------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 3 0 2007 ★
BROOKLYN OFFICE

06 CV 5830 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On October 18, 2006, petitioner, Abraham Aessa filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his criminal conviction. For the reasons set forth below, the petition is stayed to allow petitioner to pursue his state court remedies with respect to his ineffective assistance of trial counsel claim. The stay order is conditional on petitioner's compliance with time limits set forth below.

## PROCEDURAL HISTORY

Following a bench trial, Aessa was convicted of robbery in the first degree and sentenced on August 6, 2004, to a determinate term of ten years.

Petitioner's conviction became final 90 days after September 22, 2006, the date the New York Court of Appeals denied leave to appeal. Petitioner therefore had one year from December 21, 2006, in which to file his federal habeas petition. See 28 U.S.C. § 2244(d)(1)(A).

Aessa timely filed the instant petition on October 18, 2006. The grounds for relief he asserted therein were that his conviction "was against the weight of the evidence adduced at trial

and [his] guilt was not proved beyond a reasonable doubt." (Pet. ¶ 12.) This was the basis for petitioner's direct appeal, which was rejected.

On November 30, 2006, petitioner wrote to this court to add a claim of ineffective assistance of appellate counsel and to seek dismissal without prejudice or a stay of his petition to enable exhaustion of state remedies for this new claim. (Dkt. No. 4.) By letter dated December 7, 2006, respondent opposed this motion. (Dkt. No. 7.) On December 7, 2006, respondent also served and filed an answer to Aessa's original petition. (Dkt. Nos. 5, 6.)

By Opinion and Order dated December 20, 2006, this court held that Aessa had successfully amended his petition to include an ineffective assistance of appellate counsel claim because no responsive pleading had been served by the date of Aessa's amendment. (Dkt. No. 9.) The court then ordered petitioner to show cause why he should be granted a stay by serving and filing "a submission setting forth in detail the facts supporting his ineffective assistance of appellate counsel claim and the reasons why this claim is not 'plainly meritless.'" (Dkt. No. 9.)

By affidavit dated December 21, 2006, Aessa replied to respondent's opposition to his motion for a stay and abeyance. (Dkt. No. 10.) Aessa explained that the claim he wishes to raise in state court is actually a claim of ineffective assistance of *trial* counsel, by way of a motion under N.Y. Crim. Proc. Law § 440.10, not a claim regarding his appellate counsel. (Dkt. No. 10.) Respondent filed a letter in response on January 25, 2007. (Dkt. No. 11.)

By Opinion and Order dated January 30, 2007, construing Aessa's December 21st letter as having been written prior to Aessa's receipt of the court's December 20th Order, in an abundance of caution, this court again directed Aessa to show cause why he should be granted a stay by "a submission (1) setting forth his reasons for why he has established 'good cause' for his

failure to exhaust the desired claim or claims first in state court and (2) setting forth in detail the facts supporting his claims and the reasons why they are not 'plainly meritless.'" (Dkt. No. 12.) The court further ordered that if Aessa timely files the ordered submission, respondent's opposition, if any, must be served and filed within 20 days of receipt of petitioner's submission. (Dkt. No. 12.)

By affidavit dated February 23, 2007, Aessa repeats the first six paragraphs of his December 21st affidavit. (Dkt. No. 13.) Aessa then explains that his ineffective assistance of trial counsel clam is predicated on counsel's "failure to convey the terms of a plea offer" and counsel's gross misrepresentation of petitioner's "potential exposure to prison upon a conviction after trial." (Dkt. No. 13, ¶¶ 7, 8.) Aessa argues that he has established "good cause" for his failure to exhaust because "he was unaware of plea deal given to trial counsel." (Dkt. No. 13, ¶ 9.) Aessa reiterates that he "only recently discovered that there were other issues I could raise." (Dkt. No. 13, ¶ 6.) Aessa repeats his request to have the court dismiss his habeas petition without prejudice or, in the alternative, to stay his petition. (Dkt. No. 13, ¶ 10.) Aessa also submitted an affidavit of service attesting to his mailing a copy of this affidavit to respondent. (Dkt. No. 13.)

By letter dated April 18, 2007, respondent opposes Aessa's request for a stay. (Dkt. No. 14.) Respondent initially requests an extension in which to serve and file its opposition. The court grants that request and proceeds to consider respondent's reasons for opposing a stay.

Respondent argues that Aessa has not adequately specified the facts supporting his claims, thereby "fail[ing] to provide this Court with sufficient information upon which to determine whether the claims are 'plainly meritless.'" Respondent also argues that Aessa has

3

failed to establish "good cause" because he does not explain "how, when, or why he only recently learned of" the plea offered to his counsel and also because Aessa learned of his sentencing exposure in 2004, when he was sentenced. Respondent further argues that Aessa has not yet filed any 440 motion in state court, despite long ago announcing his intention to do so.

## DISCUSSION

*Standard Governing Motions for Stay and Abeyance*

In Rhines v. Weber, the Supreme Court prescribed the following procedures for a stay and abeyance to permit exhaustion of claims: "(1) a stay should not be granted where the unexhausted claim is meritless; (2) 'stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court'; (3) a 'mixed petition should not be stayed indefinitely,' and 'district courts should place reasonable time limits on a petitioner's trip to state court and back'; and (4) 'if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.'" Ramchair v. Conway, No. 04 Civ. 4241, 2005 U.S. Dist. LEXIS, at * 53 (E.D.N.Y. Oct. 26, 2005) (quoting Rhines, 544 U.S. 269, 277-78 (2005)).

*Application to This Petition*

The claim for which Aessa desires a stay to exhaust is that his trial counsel provided ineffective assistance by failing to convey the terms of a plea offer and grossly misrepresenting the potential exposure to prison upon conviction after trial. The court finds that this claim is potentially meritorious. See Shiwlochan v. Portuondo, 345 F. Supp. 2d 242, 260 (E.D.N.Y. 2004) ("In contrast to other claims of ineffective assistance of counsel where counsel's conduct may implicate strategic decisions, counsel is absolutely obligated to convey both the fact and

4

terms of the plea offer and provide some advice regarding this 'crucial decision.' . . . Counsel must also advise the defendant on the maximum sentencing exposure if he stands trial as opposed to accepting a plea offer."), aff'd 150 Fed. Appx. 58 (2d Cir. 2005).

The Supreme Court did not define "good cause" in Rhines v. Weber. Subsequently, the Supreme Court mentioned the "good cause" requirement in Pace v. DiGuglielmo, stating, "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 416 (2005). Lower courts have applied different definitions of "good cause." See, e.g., Bryant v. Greiner, No. 02 Civ. 6121, 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006); Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 1273830, at *2-*3 (S.D.N.Y. May 9, 2006). Some courts have found that the "good cause" standard for a stay requires "a lesser showing" than the "cause" standard necessary to overcome a procedural bar. See Bryant, 2006 WL 1675938, at *5 (citing Fernandez v. Artuz, 2006 WL 121943, at *6-*7 (S.D.N.Y. Jan. 18, 2006)). Some courts have found that a claim of ineffective assistance of appellate counsel can constitute "good cause" in the stay and abeyance context. Brown v. Ebert, 2006 WL 1273830, at *3 (S.D.N.Y. May 9, 2006); Rhines v. Weber, 408 F. Supp. 2d 844, 848-49 (D.S.D. 2005); Ramchair v. Conway, 2005 U.S. Dist. LEXIS, at * 54 (E.D.N.Y. Oct. 26, 2005). "[M]ost of the courts which have thus far engaged in an in-depth analysis of the issue have required that 'good cause' arise from something external, and not fairly attributable, to the petitioner." Ramdeo v. Phillips, No. 04 Civ. 1157, 2006 WL 297462, at *6 (E.D.N.Y. Feb. 8, 2006) (finding no good cause based on inadvertent, good-faith failure to exhaust).

Because the alleged failings of trial counsel were not previously known to Aessa, the court finds that Aessa has established "good cause" for not having exhausted this claim prior to filing the instant petition.

The court further finds that petitioner has not been engaging in abusive litigation tactics or intentional delay. Petitioner filed the instant petition extremely promptly, within one month of the denial of his leave to appeal and, accordingly, before his conviction even became final. Petitioner also promptly submitted his request for a stay, within 43 days of his initial filing and prior to the government's response to his petition. See Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 1273830, at *3 (S.D.N.Y. May 9, 2006) (finding no dilatory litigation tactics where petitioner promptly filed petition and application for stay); Fernandez v. Artuz, 2006 WL 121943, at *7 (S.D.N.Y. Jan. 18, 2006) ("Moreover, this is not a case where the petitioner waited until after the State responded to the petition before seeking a stay, which might be a sign of a dilatory litigation practice."). In addition, petitioner promptly responded to the court's January 30, 2007, order.

Although respondent argues that Aessa's heretofore failure to file a 440 motion is indicative of intentional delay, this ignores the reality that in "the more usual situation, the petitioner does not even bring the state collateral proceeding necessary to exhaust any unexhausted claim until after the federal stay motion is granted." See Fernandez v. Artuz, 2006 WL 121943, at *7 (S.D.N.Y. Jan. 18, 2006).

For these reasons, the court finds that Aessa is not engaging in abusive litigation tactics or intentional delay.

## CONCLUSION

For the foregoing reasons, the court hereby orders that this case shall be stayed to give petitioner an opportunity to exhaust his state court remedies on his claim of ineffective assistance of trial counsel.

The stay is conditioned on the fact that petitioner pursue his state court remedies within thirty days of the date of this order and that he return to federal court to proceed with his petition for a writ of habeas corpus within 30 days of exhausting his ineffective assistance claim. Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). Petitioner is advised that he may be barred from proceeding in this court if, having been denied relief in state court, he delays in seeking to reopen these proceedings.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: April 30, 2007
Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Abraham Aessa
04A4654
Downstate Correctional Fac.
Box F
Red Schoolhouse Road
Fishkill, NY 12524-0445

*Attorney for the Respondent*
Ashlyn Dannelly
Office of the NYS Attorney General
120 Broadway, 24th Fl.
New York, NY 10271