FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 0 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ABRAHAM AESSA,

                       Petitioner,

-against-

PAUL W. ANNETS,
Attorney General of New York,

                       Respondent
-------------------------------------------------------------------X

06-CV-5830 (ARR)

ORDER AND OPINION

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

ROSS, United States District Judge:

By petition filed October 20, 2006, Abraham Aessa seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that: (1) the verdict was against the weight of the evidence adduced at trial; (2) the State failed to prove each element of the crime beyond a reasonable doubt; and (3) he received ineffective assistance of trial counsel when his attorney failed to inform petitioner of a plea offer, failed to research the existence of a video-tape of the alleged robbery, and misrepresented his sentencing exposure. For the reasons explained herein, the petition is denied.

## BACKGROUND

Following a bench trial in the Supreme Court of the State of New York, Queens County, petitioner was convicted of robbery in the first degree and sentenced on August 6, 2004, to a determinate term of ten years imprisonment. Pet. at 1. At trial, the prosecution presented evidence that on April 29, 2003, petitioner entered the Jamaica, Queens branch of Citibank, handed the teller, Bidya Singh, a threatening note informing her that he had a gun and demanded

1

money. While doing so, petitioner kept his hand in his pocket. Tr. 20-22. In turn, Ms. Singh gave petitioner money from her teller drawers and he exited the bank. Tr. 22-23. Subsequently, Ms. Singh identified petitioner as the robber during a line-up conducted by the police at the One Hundred and Fifth Precinct. Tr. 48-51.

On direct appeal, petitioner argued that: (1) the court's verdict was against the weight of the evidence; (2) the verdict should be set aside in the interests of justice; and (3) petitioner's sentence was excessive. See Decl. Opp. to Pet. at Ex. A. (hereinafter "Decl. I"). Petitioner's conviction was affirmed on May 30, 2006, see Decl. I at Ex. D, and the Court of Appeals denied leave to appeal on September 22, 2006, which became final 90 days thereafter. See Decl. I at Ex. G. Petitioner then timely filed the instant petition. On April 30, 2007, this court granted petitioner's motion to hold his petition in abeyance while he pursued a state motion to vacate his conviction based on an ineffective assistance of counsel claim. See Order, April 30, 2007 (Dkt. No. 15). Petitioner's 440 motion was subsequently denied, and on November 4, 2008, petitioner filed a motion to amend his petition for a writ of habeas corpus, see Mot. Am. Pet. (Dkt. No. 18), which this court granted. In turn, respondent filed a supplemental declaration in response, opposing Mr. Aessa's petition and addressing the issues raised in petitioner's amended petition. See Supp. Decl. in Opp. to Am,. Pet. for a Writ of Habeas Corpus (hereinafter "Decl. II") (Dkt. No. 22)

## DISCUSSION

### A.  AEDPA Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statutory language "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409. In determining whether an application was objectively unreasonable, "the most important point is that an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. Interpreting Williams, the Second Circuit has added that, although "[s]ome increment of incorrectness beyond error is required[,] . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)). For the purposes of AEDPA, a state court "adjudicates" a petitioner's federal constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). When a state court does so, a federal habeas court must defer in the manner prescribed by AEDPA to the state court's decision on the federal claim, even if the state court does not explicitly refer to either the federal claim or relevant federal case law. Id.

To determine whether a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)). In addition, a "conclusive presumption" that the state court decision "rest[s] on the merits of the federal claim" applies to decisions "fairly appearing to rest primarily on federal law or to be interwoven with federal law . . . [a]bsent a clear and express statement of reliance on a state procedural bar." Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (holding that presumption of Harris v. Reed, 489 U.S. 255, 262-63 (1989), applies equally to both AEDPA-deference and procedural-bar determinations).

Furthermore, federal courts may not review state court decisions that rest on an adequate and independent state procedural ground unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989)). In order for federal review to be procedurally barred, the state court's reliance on state law must be "clear from the face of the opinion." Id. (internal quotation marks and citation omitted). The Second Circuit held in Fama that where the state court uses language such as "the defendant's remaining contentions are either unpreserved for appellate review or without merit," the claim is subject to federal review. Id. at 810-11.

## B. Petitioner's Claims

Petitioner raises three claims in support of his application. First, petitioner contends that the verdict was against the weight of the evidence adduced at trial. Next, petitioner avers that the State failed to prove each element of the crime beyond a reasonable doubt. Finally, petitioner contends that he received ineffective assistance of trial counsel when his attorney failed to inform petitioner of a plea offer, failed to investigate a purported video-tape of the robbery, and misrepresented his sentencing exposure. The court will consider each ground in turn.

### 1. *Weight of the Evidence*

Petitioner first argues that his conviction was against the weight of the credible evidence. A challenge to the weight of the evidence, as opposed to its sufficiency, is not cognizable on habeas review. See Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). Therefore, this claim cannot serve as the basis for habeas relief.

## 2. The State did Not Prove its Case Beyond a Reasonable Doubt

The court liberally construes pro so petitioner's claim that the State failed to prove his guilt beyond a reasonable doubt as a sufficiency of the evidence claim. While petitioner did not specifically state that his claim on direct appeal challenged the sufficiency of the evidence, he did cite to the relevant federal case law. See Decl. I, Ex. A at 27. (citing Jackson v. Virginia, 443 U.S. 307 (1979)). Petitioner's legal insufficiency claim, however, is meritless.

Petitioners challenging the sufficiency of the evidence face a "very heavy burden." Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). On federal habeas review, courts must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). The court must defer to the jury's "assessments of the weight of the evidence and the credibility of witnesses." Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A court may only grant habeas relief if the petitioner has shown that, "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 324 (emphasis added).

There was ample evidence in the record permitting the judge, the trier of fact, to convict petitioner of robbery in the first degree. Under New York law, a person is guilty of robbery in the first degree "when he forcibly steals property and when, in the course of the commission of the crime . . . he . . . displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." N.Y. Penal Law § 160.15(4). "However, if the defendant proves by a preponderance of the evidence that the object displayed 'was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury,' the crime is reduced to robbery in the second degree." People v. Lopez, 73 N.Y.2d 214, 219 (1989). This is an

affirmative defense and the burden is on the defendant to prove that the displayed object was not a firearm. Id. at 220.

Based upon the evidence adduced a trial, a rational trier of fact could have concluded, beyond a reasonable doubt, petitioner's guilt. The State's eyewitness, Ms. Singh, testified that after petitioner made a deposit, he handed her a note demanding money, all the while keeping a hand in his pocket. Tr. 18-22. Ms. Singh then testified that petitioner demanded all of her fifties and one-hundred dollar bills, informed her that he had a gun, and she observed a "pointy" object in his pocket. Tr. 20-21. She also testified that in the interest of safety, she is trained to do whatever tasks a potential robber, displaying a gun, orders her to accomplish. Tr. 103. This is why she did not immediately trigger the silent alarm when she noticed the pointy object in petitioner's pocket. Tr. 103. Rather, she waited until he turned his back to her and exited the building.

Petitioner, on the other hand, testified that he visited the bank to deposit money on his mother's behalf. Tr. 374-75. His mother, Priscilla Gibbs, testified to the same fact –that she requested her son deposit $160.00 into her account on the day the robbery occurred. Tr. 343-348, 355. Petitioner testified that he deposited the money and then exited the bank. Tr. 380. Shortly after he exited the bank, his mother called petitioner and informed him that the police were looking for him, and he thereafter went to the One-Hundred and Fifth Precinct to respond to the police's concerns. Tr. 384-85. At the precinct, he was arrested and accused of robbing the bank. Tr. 387. In sum, petitioner contends that he visited the bank to make a lawful deposit, voluntarily visited the precinct to answer questions about the alleged robbery, and was thereafter arrested. He denied robbing the bank. Tr. 413.

Having considered the evidence in the light most favorable to the prosecution, the court cannot conclude that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. "When reviewing a trial record that supports conflicting inferences, a habeas court must presume that, in convicting the defendant, the jury 'resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Smith v. Green, 2006 WL 1997476, at *12n.9 (S.D.N.Y. 2006) (citations omitted). Here, petitioner's testimony conflicted with the testimony of Ms. Singh. While a rational trier of fact may have chosen to credit petitioner's testimony over the State's witness, this court cannot conclude that no rational trier of fact could have credited Ms. Singh's testimony over petitioner's version of events. Indeed, this court must defer to the Judge Buchter's assessment of the evidence and his credibility determinations. Therefore, petitioner's insufficiency of the evidence claim cannot serve as the basis for granting Mr. Aessa's petition.

### 3. *Ineffective Assistance of Trial Counsel*

Petitioner's final ground for habeas relief is an ineffective assistance of counsel claim. Petitioner raises three grounds to demonstrate that he was denied effective assistance of trial counsel. First, petitioner claims that his counsel failed to convey the terms of a plea offer. Second, petitioner claims counsel's performance was deficient because he did not research the existence of a purported tape of the robbery. Finally, petitioner claims that his trial counsel misrepresented his sentencing exposure. These issues were raised for the first time in petitioner's 440 motion.

Federal courts may not review state court decisions that are based primarily on state procedural law unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice. See Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Coleman v.

Thompson, 501 U.S. 722, 749-50 (1991)). The Second Circuit has explained that there are "two mutually exclusive categories of state court decisions of a federal claim," those that "fairly appear either to rest primarily on federal law," and those "that fairly appear to rest primarily on state procedural law." Id. Where the state court uses language such as "the defendant's remaining contentions are either unpreserved for appellate review or without merit" the claim is subject to federal review. Fama v. Commissioner of Correctional Services, 235 F.3d 804, 810-11 (2d Cir. 2000). However, a state court decision stating that a claim was "not preserved for appellate review" before ruling "in any event" on the merits still amounts to a procedural default Id. at 810 n.4. In determining whether the state court based its decision on state procedural grounds, the court may look "behind the opinion to the state court's awareness of a procedural bar and the state court's practice when faced with such a bar." Jimenez, 458 F.3d at 138-39 (citing Quirama v. Michele, 983 F.2d 12, 13 (2d Cir. 1993)).

Such a procedural bar to federal habeas review may be excused, however, if the petitioner demonstrates either (a) cause for the procedural default and actual prejudice from the alleged violation of federal law, or (b) that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation marks and citations omitted).

Here, the Supreme Court denied petitioner's 440.10(1)(b) motion as procedurally barred pursuant to CPL § 440.10(2)(c) because petitioner failed to raise this issue on direct appeal even though the alleged deficiencies in counsel's performance are reflected in the record. See Decl. II, Ex. K. CPL § 440.10(2)(c) directs a court to deny a motion to vacate when "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him." CPL § 440.10(2)(c). Thus, the state habeas court noted that because these alleged deficiencies were in reflected in the record, and petitioner therefore could have raised the issues on direct appeal but failed to do so, petitioner's claim was barred. The court also concluded that "defendant's allegations are belied by the record or the proceedings and under the totality of the circumstances, the court finds that that defense counsel provided meaningful representation." See Decl. II, Ex. K.

Generally, an ineffective assistance of counsel claim is best suited for a collateral proceeding. See Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) (noting that some ineffective assistance of counsel claims "are more appropriate for collateral or post-conviction attack, which can develop the necessary evidentiary record"); People v. Harris, 109 A.D.2d 351, 360 (2d Dep't 1985) ("The Court of Appeals has time and time again advised that ineffective assistance of counsel is generally not demonstrable on the main record.") (citing cases). Indeed, the Appellate Division has noted that "in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary

exploration by a collateral or post-conviction proceeding brought under CPL 440.10." Id. This, however, is not an absolute requirement. Where the alleged deficiency is reflected clearly in the record, the ineffective assistance of counsel claim is procedurally barred if it is not raised on direct appeal. See Sweet, 353 F.3d at 140.

Here, petitioner argues that his counsel was ineffective because he failed to convey the terms of a plea offer. The record clearly reveals, however, that petitioner was aware of the plea offer. Indeed, during a January 30, 2003 proceeding, the following colloquy occurred:

> COURT OFFICER: Calendar 18 Abraham Aessa. Private Counsel. Defendant made bail.
>
> MS. McCARRON: You Honor, the offer of robbery in the third degree is 1 to 3 years. It's being rejected. We are adjourning for grand jury action. I'm asking for a date in September for results. Defendant is not testifying.[1]
>
> MR. BRETSCHNEDIER: That's correct.
>
> THE COURT: September 18, order of protection extended. You are to have no contact or have anybody else contact the person listed on the order. If you violate the order, you will be arrested on new charges. September 18 for grand jury. Is he testifying?
>
> MR. BRETSCHNEDIER: No.
>
> THE COURT: No.
>
> MR. BRETSCHNEDIER: No.
>
> THE COURT: If he's indicted before that date, he will be notified. Tell your client when to appear.

Decl. II, Ex. J, at ex. A (emphasis added). This exchange demonstrates that petitioner was clearly aware that a plea to a lesser charge was offered and rejected because he was present when the prosecutor informed the court that petitioner rejected the deal. Although the court does not

---

[1] Ultimately, petitioner did testify in his defense.

mention petitioner by name, the court addresses petitioner on three occasions, referring to him as "you." The court finds petitioner's protestation that he was not present at the meeting incredible. See Supp. Reply Decl. in Support of Am. Pet. for a Writ of Habeas Corpus at 2. Petitioner would have this court believe that the judge in this colloquy was referring to a phantom "you" who was not present in the courtroom. The more likely scenario is that Judge Wong was referring to petitioner, who declined to accept the plea offer in open court.

Therefore, "the alleged error that is the basis for [Mr. Aessa's] ineffective assistance of counsel claim," that his attorney failed to convey the terms of a plea offer, "is well-established in the trial record." Sweet, 353 F.3d at 140. And because the 440 court ruled that this claim was procedurally barred because petitioner failed to raise the claim on direct appeal, this court may not review the state court's ruling. Furthermore, petitioner has adduced no evidence to suggest that the procedural bar to federal habeas review should be excused.

Similarly, the court is forestalled from reviewing petitioner's contention that his counsel's performance was deficient because Mr. Brettschneider, petitioner's attorney, failed to research the purported video-tape of the robbery. Petitioner claims that had Mr. Brettschneider informed him of the plea offer and of the non-existence of the tape, he would have accepted the plea. See Am. Pet. at 7. Mr. Brettschneider noted that he only learned that the purported video-tape of the robbery did not exist just prior to trial. See Decl. II., Ex. J, ex. B. Petitioner's attorney viewed this turn of events as a positive for his client's case, understandably so, since there was no longer a video-tape of petitioner committing the alleged robbery. Id. Regardless, the fact that the tape did not exist is clear from the record since it was never introduced into evidence at trial. Therefore, any issues stemming from the tape should have been raised on

direct appeal. Since petitioner failed to do so, the 440 court ruled that petitioner's claim was procedurally barred, forestalling this court from reviewing this particular issue.

Petitioner's remaining basis for his ineffective assistance of counsel claim, that his attorney failed to inform him of his full potential for criminal liability, is not reflected in the record and is therefore most appropriately attacked collaterally. See Sweet, 353 at 139. In turn, the court is not forestalled from reviewing this claim.

Under AEDPA, a state habeas petitioner claiming ineffective assistance of counsel must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) ("Under AEDPA we inquire only whether the Appellate Division's rejection of this claim amounted to an unreasonable application of Strickland."). Strickland v. Washington requires a petitioner claiming ineffective assistance to prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984).

Petitioner alleges that his "attorney grossly misrepresented his possible prior exposure and never told him the maximum sentence he could face." Am. Pet. at 2. Petitioner further alleges that when he implored Mr. Brettschneider regarding the seriousness of the charge and any potential plea offer, his attorney failed to inform him of any substantial criminal liability and instead responded "this case is bullshit, don't worry about it." Id. Petitioner is correct that an allegation that trial counsel grossly underestimated the severity of a sentence, thereby inducing a defendant to reject a plea offer, qualifies as a cognizable ineffective assistance of counsel claim.

See generally Boria v. Keane, 99 F.3d 492 (2d Cir. 1996). Petitioner maintains that had he known about his sentencing exposure, he would have accepted an offer to plead guilty to a lesser charge. See Am. Pet. at 11.[2]

Once again, the court finds petitioner's allegation incredible. In a sworn affidavit, Mr. Brettschneider forcefully asserted:

> I recall the plea-bargain offers in this case, and I can state, unequivocally, that I thoroughly advised my client of every offer. I also advised him of the minimum and maximum sentences that could be imposed if he was convicted after trial. I advised defendant of all the advantages and disadvantages, and consequences of a guilty plea. Defendant remained adamant throughout this case, even after the guilty verdict, that he was innocent. Defendant had no interest in pleading guilty. He chose to proceed to trial.

Decl. II., Ex. J, ex. B at 2. Absence credible evidence to the contrary, this court credits Mr. Brettschneider's affirmation. See Purdy v. Zeldes, 337 F.3d 253, 259 (2d Cir. 2003) ("[I]n most circumstances a convicted felon's self-serving testimony is not likely to be credible."); cf. Thai v. U.S., 2007 WL 13416, at *6 (E.D.N.Y. June 2, 2007) ("[D]efendant's assertion that his counsel refused to permit him to testify, if unsubstantiated and based upon self-serving testimony, may be defeated by the submission of a detailed affidavit from trial counsel credibly describing the circumstances concerning appellant's failure to testify.") (internal citations omitted). Based on all of the relevant circumstances, the court finds that Mr. Brettschneider's performance was objectively reasonable. Therefore, petitioner's ineffective assistance of counsel claim also fails.

---

[2] The court notes an inconsistency in petitioner's brief. On the one hand, he alleges that his counsel's performance was deficient because counsel failed to convey the terms of a plea offer. On the other hand, petitioner alleges that had he been informed about the potential criminal liability he faced, he would have accepted the plea offer, that is, the plea offer he allegedly never knew existed.

## CONCLUSION

For the aforementioned reasons, the petition for a writ of habeas corpus is denied. Because Mr. Aessa has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: June 10, 2009
Brooklyn, New York